OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, undated, and supporting affidavit, dated October 7, 1980, the plaintiff moves for summary judgment. .
The defendant opposes the motion and cross-moves for summary judgment by notice of cross motion, and supporting affidavit, dated October 30,1980. The court is in receipt of a copy of the plaintiff’s constitution, and by-laws, dated 1976, and the stenographic minutes of the examination before trial of Jerry Griffin, the plaintiff’s treasurer, and the defendant.
The plaintiff alleges that the defendant was a member of The Edison Club, a membership corporation, for a period of three years, and that because of his failure to return his membership card and pay his outstanding financial obligations, any attempt to resign during the afore-mentioned three-year period was ineffective. It is alleged that because the defendant admits that he both failed to return his mem *705 bership card, and failed to pay all assessments, the plaintiff should be granted summary judgment.
In opposition to the plaintiff’s motion, the defendant alleges that his failure to return his membership card was the result of a conversation with George Dempsey, the manager of The Edison Club, in October of 1979 wherein the defendant was allegedly advised to retain the card. In regard to the alleged failure to pay his financial obligations before resigning, the defendant states that he had, in fact, paid all dues and assessments as owed.
As in all summary judgment motions, the issue before the court is whether there is present a triable issue of fact presented by the papers.
A member of a membership corporation is bound by the corporation’s by-laws, and they become a part of his contract of membership. (Matter of Haebler v New York Produce Exch., 149 NY 414; National League of Comm. Merchants of U. S. v Hornung, 148 App Div 355; Cabana v Holstein-Friesian Assn., 196 App Div 842.)
In the case at bar, pursuant to article 8 of the plaintiff’s by-laws, a member’s resignation must be by writing addressed to the club’s president or secretary, accompanied by the membership cards. The club will not accept a proffered resignation unless all indebtedness to the club is satisfied. If the defendant, without excuse, did not comply with the by-laws as stated, the plaintiff is entitled to summary judgment.
Applying the law as stated to the facts as presented by the submitted papers, the court finds that there is no issue of fact, and that the plaintiff is entitled to the relief requested.
Although there is arguably an issue of fact as to whether the defendant could be excused for failing to return his membership card, the defendant does not adequately contest the plaintiff’s allegation of nonpayment of his outstanding financial obligation upon resignation. Although the defendant’s submitted affidavit alleges that he had paid all dues and assessments as owed, the defendant admits in his affidavit and in the stenographic minutes of his examination before trial that he had not paid an assessment of *706 $100 at the time of his attempted resignation. In fact, it is apparent that the billing for that amount was one reason for the purported resignation.
Accordingly, based on the defendant’s statements, admitting that he did not comply with the prerequisites for resignation, he could not resign. The plaintiff properly continued to assess the defendant as it would any other member until his membership was terminated by the plaintiff.
There being no issue of fact in dispute, the plaintiff’s motion for summary judgment is granted. Conversely, the defendant’s cross motion is denied.